UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY L. CUMMINGS, | ) | CASE NO. 1:12 CV 1539 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DANIEL E. BOND, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Plaintiff's *pro se* Complaint (Doc. 1). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

**Facts**

Plaintiff, Gary L. Cummings, filed this action on June 15, 2012 against Defendants, Attorney Daniel E. Bond, Chardon Municipal Judge Mark J. Hassett, Chardon Prosecuting Attorney Dennis Coyne, and the City of Chardon. The Complaint asserts Plaintiff's constitutional rights were violated in connection with two traffic citations of which he was found guilty in the Chardon Municipal Court on September 8, 2010. See, Chardon Municipal Case No. 2010 TR D 04375@ http://co.geauga.oh.us/MuniCourt/Home.aspx. In particular, Plaintiff alleges that Attorney Bond, who was appointed acting judge by Judge Hassett, did not have proper authority to preside over the proceedings, and that Prosecutor Coyne "knowingly participated in Plaintiff's unlawful and sham trial, was fully aware of the improprieties and unlawful actions against Plaintiff, and actively conspired with co-Defendants Hassett and Bond in the intentional and unlawful deprivation of Plaintiff's constitutional rights." (Doc. 1 at 2). Plaintiff's appeal to the Ohio Court of Appeals was

denied on the ground that, under Ohio law, he waived any defects in the proceedings when he paid his fines. *State of Ohio v. Cummings*, 2011 WL 2533749 (Ohio App. 11 Dist June 24, 2011).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).

**Discussion**

United States district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. V. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.; Tropf*, 289 F.3d at 937.

In the present action, Plaintiff directly attacks the state court's decision finding him guilty of traffic violations, and the action is clearly predicated on his belief that the state court was mistaken in rendering its decision. Any review of the claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293; *see also*, *Prey v. Basteen*, 2009 WL 1651297, fn.1 (S.D. Ohio June 11, 2009)(district court lacked jurisdiction over claim relating to traffic violation, once citation disposed of by state court).

**Conclusion**

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  /s/Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
Date: 9/18/12                             UNITED STATES DISTRICT JUDGE